# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT W. MORGARIDGE,<br><br>              Plaintiff,<br><br>vs.<br><br>KWIK SHOP, INC., a Kansas Corporation; and THE KROGER CO., an Ohio Corporation;<br><br>              Defendants. | **8:17CV349**<br><br>**PROTECTIVE ORDER** |

THIS MATTER is before the Court on the parties' Joint Stipulation and Motion for Protective Order ([Filing No. 32](#)). The Court finds that the parties are engaged in discovery which may involve, among other things, the production or disclosure of information deemed confidential. Accordingly, the Court Finds that for good cause shown under Federal Rule of Civil Procedure 26(c), this Protective Order should be and hereby is granted as follows:

**1.     Purpose of Order.** The purpose of this Order is to prevent the disclosure of documents and information deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this lawsuit. The Order is necessary to protect both the parties and other persons from annoyance, embarrassment, and oppression, as well as to safeguard confidential business and proprietary information. Discovery in this case may seek the following documents and information of a private or confidential nature from parties and nonparties: (a) employment, payroll and personnel records, which contain social security numbers of Plaintiff and Defendants' employees, as well as information regarding the compensation paid to those employees and disciplinary actions taken against them; (b) proprietary business and trade secret information related to Defendants' business and associated business operations; (c)

1

Plaintiff's personal health information and (d) other documents and information of a private or confidential nature. The privacy interests in such documents and information substantially outweigh the public's right of access to judicial records. Thus, good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c).

**2. Confidential Documents and Information.** The parties have agreed that the following categories of documents, and the information contained in them, if produced or disclosed during this lawsuit, shall be treated as "confidential" and used only for purposes of this lawsuit:

   a. Employment, payroll and personnel records concerning or related to the Plaintiff;

   b. Any medical, psychiatric or counseling records concerning or related to the Plaintiff;

   c. Personal identity information of the Plaintiff, including income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

   d. Employment, payroll and personnel records, and individually identifiable records that pertain to present or former employees of, or applicants for employment with, the Defendants;

   e. Financial and accounting records of Defendants that are confidential and not part of the public record, including but not limited to financial reports, profit and loss statements, balance sheets, billing records, store performance and sales data, projected financial information, and business plans;

   f. Proprietary or trade secret information relating to Defendants' business, business operations or customers; and

   g. Documents that may be produced by third-parties in response to subpoenas;

By protecting the above categories of documents and information, this Order does not guarantee that such documents or information will be produced (nor does the parties' stipulation mean or infer that any responsive documents or information exist). The requesting party must still establish the relevance of such documents or information as per Rule 26(b). This Order shall not apply to any documents or information that are available to the public or to documents or

information that are lawfully obtained from sources other than the parties through the discovery process.

3. **Definitions.** As used in this Order, "document" shall mean any written, recorded, graphic, or other matter, whether produced, reproduced, or stored on paper, cards, tapes, discs, belts, charts, film, computer storage devices, or any other medium, and includes, but is not limited to, agreements, applications, calendars, charts, complaints, correspondence, diagrams, diaries, drafts, drawings, electronic mail, evaluations, files, graphs, interrogatory answers, responses to requests for admission, journals, ledgers, letters, manuals, memoranda, minutes, notes, photographs, plans, proposals, records, reports, responses to requests for admissions, statements, stenographic recordings, studies, tape recordings, transcripts, and video recordings. As used in this Order, "confidential document" means those documents falling within the categories of documents described in Paragraph 2 of this Order and designated as "Confidential" in the manner provided by Paragraph 4 of this Order.

4. **Designating Documents as Confidential.** Any party or subpoena respondent in this action may designate as confidential a document produced after entry of this Order by conspicuously stamping or labeling the document with the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER". A Party designating materials as "Confidential" represents its and its counsel's good faith and reasonable belief that the designation is necessary to protect trade secrets or other confidential, proprietary and non-public financial, commercial and/or personal information, and that the designation is appropriate under the applicable federal or state law and/or the Federal Rules of Civil Procedure. A document consisting of multiple documents or pages, such as personnel file or report, may be designated as confidential in its entirety by stapling or binding the documents or pages together and stamping or labeling the cover or first document or

page with the word "confidential." Documents produced by either side shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in such a fashion except as provided in this Order. The inadvertent failure to designate a document as "confidential" does not preclude a party from subsequently making such a designation and, in that case, the document and the information in it shall be treated as confidential by the receiving party upon written notice by the producing party identifying the documents or information with specificity.

5. **Designating Deposition as Confidential**. Parties to this action may designate deposition testimony relating to the subjects enumerated in Paragraph 2 as confidential by advising opposing counsel of record, in writing, within 28 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition that the party believes fall under Paragraph 2. Alternatively, any party may, on the record at the deposition, designate deposition testimony as confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

6. **Disclosure of Confidential Documents or Information.** Confidential documents and the information contained in them are to be treated as such by the party receiving them and shall be utilized by such party only for the prosecution or defense of this case. All confidential documents and the information contained in them shall be deemed subject to this Order unless otherwise ordered by the Court. The disclosure of such confidential documents and information is limited to:

    a. The parties, including Defendants' officers, directors, managerial employees, key personnel and any other persons with a need to know such confidential information for the purposes of this litigation;

    b. Counsel of record and other partners, associates, and members of their respective firms, including clerical and support staff working under the direct supervision of such attorneys;

4

c.  Any independent document reproduction services or document recording and retrieval services;

d.  Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court or agreed upon by the parties;

e.  Any other person of whom testimony is to be taken or is taken, but only in preparation for or during his or her testimony and only to the extent necessary for such preparation or testimony and for the subsequent review of said testimony;

f.  Any witness provided that counsel has a good-faith belief that the witness needs to review the confidential document or information (except that any such witness will not be given a copy of the confidential document or information);

g.  Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action; and

h.  Individuals selected by any party to this action for the purpose of conducting focus groups or mock trials.

7. **Duties of Persons Disclosing Confidential Documents or Information.** Prior to disclosing confidential documents or the information contained in them to any person pursuant to Paragraph 6, the person making the disclosure shall: (a) apprise the person to whom disclosure is to be made of their confidential nature; (b) apprise that person that the Court, pursuant to this Order, has enjoined the use of such documents or the information contained in them for any purpose other than the prosecution or defense of this case; and (c) show or deliver to that person a copy of this Order, specifically informing him or her of its contents. If disclosure is being made to a nonparty, the person making the disclosure shall obtain the nonparty's signed agreement to abide by the terms of this Order by having the nonparty execute the "Agreement to be Bound by Protective Order," a copy of which is attached to this Order as Exhibit A. The terms of this provision do not apply to court personnel or jurors.

**8. Duties of Persons To Whom Confidential Documents or Information Are Disclosed.** Each party or person who has signed the Acknowledgement of Protective Order or Agreement to be Bound by Protective Order and who has been given access to confidential documents or the information contained in them pursuant to Paragraph 6 of this Order shall segregate such material, keep it strictly secure, and refrain from disclosing it in any manner, and shall keep such documents and information confidential, except as provided by the express terms of this Order. The terns of this provision do not apply to court personnel or jurors.

**9. Disputes Concerning Designation of Confidential Documents**. In the event that any party to this action disagrees at any stage of the proceedings with the designation of documents as confidential, the parties shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party challenging the confidentiality of the information may apply for appropriate relief from this Court. Unless and until this Court enters such an order changing the confidential designation of the document, such document shall continue to be protected as provided for in this Order.

**10. Use of Confidential Documents and Information.** Unless otherwise ordered by the Court the parties and their counsel have the right to use confidential documents and the information contained in them during the dispositive motion phase of this case and in the trial of this case. Nothing contained in this Order shall be construed to prejudice any party's right to use any "Confidential" material in dispositive motions. Material so used shall not lose its confidential status solely through such use, and its confidentiality shall otherwise be protected to the extent possible in conformance with this Order. In the event confidential documents or the information contained in them are used in any court proceeding in this case, including depositions, such documents or information shall not lose their confidential status. Any Motion to Seal shall be filed

in accordance with Local Rule 7.5 concerning Sealed Documents and Objects. If the motion is granted, the Court will enter electronically the order authorizing the filing of the documents under seal. The filing party shall then file its documents electronically under the seal. If the motion is denied, the Court will enter electronically an order denying the filing of the document under seal.

11. **Right to Object and Privileges Not Waived.** The parties do not waive any right to object at trial to the admissibility of any document that falls under the scope of this Order or the right to file a motion *in limine* regarding the use of any such document or the information contained in it. Further, the parties do not waive any legal right or privilege to object to the production of any document, including, but not limited to, any right or privilege under the work product doctrine or attorney-client privilege.

12. **Claw-Back Agreement.** Consistent with Federal Rule of Evidence 502, the inadvertent disclosure of information otherwise protected by the attorney-client and/or work product privileges shall not operate as a waiver of those privileges. More specifically, the parties agree as follows:

   a. Any inadvertent disclosure or production of documents protected by the attorney-client privilege or the work-product doctrine shall not constitute a waiver of any available privilege or protection by the disclosing or producing party;

   b. In the event that the receiving party discovers that it has received documents covered by either the attorney-client privilege or the work product doctrine, it will bring that fact to the attention of the producing party immediately upon that discovery;

   c. Upon the request of the producing party, the receiving party shall promptly return any document protected by the attorney-client privilege and/or the attorney work doctrine (together with any and all copies which the receiving party may have made of the document) to the producing party;

   d. Upon the request of the producing party, the receiving party will promptly disclose the names of any and all individuals who have read or had access to the document(s) protected by the attorney-client privilege and/or work product doctrine;

  e.  No such inadvertently-produced document may be used in evidence against the producing party, or in support of the receiving party's claims or defenses;

  f.  In the event that either party must seek judicial enforcement of this claw-back agreement, the costs and reasonable attorneys' fees incurred by the party seeking enforcement will be paid by the party against whom such enforcement is sought, but only in the event that the Court first finds the existence of a valid privilege and grants enforcement of this agreement by ordering the return of those documents.

**13. Binding Effect of This Order.** This Order is binding upon the parties and all counsel for the parties. This Order is not binding upon nonparties; however a signed agreement to abide by the terms of this Order, as described in Paragraph 7, may be enforced against a nonparty under state contract law principles.

**14. Destruction of Confidential Documents.** At the conclusion of this litigation each party shall destroy and permanently delete all confidential documents (including all copies) received by the opposing party under the terms of this Order. The parties' respective counsel shall, upon written request of the other party, provide a verified certification that all such confidential documents (and all copies) have been destroyed and permanently deleted. Notwithstanding the foregoing, however, upon conclusion of this litigation: (a) the parties shall retain the right to keep any confidential documents that were admitted as exhibits in this case; and (b) outside counsel for each party may retain an internal file copy of any confidential documents received and/or produced in this litigation. Following termination of the litigation, the provision of this Order relating to the confidentiality of the documents and the information contained in them, shall continue to be binding, except with respect to documents that are no longer.

**15. Requests for Confidential Documents from Other Proceedings.** If another court, party to another lawsuit, or administrative agency subpoenas or orders the production of documents that have been produced as "confidential" under this Order, then the receiving party

shall promptly notify counsel for the producing party with sufficient time for the producing party to intervene and seek appropriate relief in that ancillary proceeding.

16. **Additional Protections Not Prohibited.** Nothing in this Order prevents a party from seeking additional protections with respect to the confidential documents and the information contained therein or from moving the Court to supplement or modify the terms of this Order.

**IT IS SO ORDERED.**

Dated this 13th day of August, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SCOTT W. MORGARIDGE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. **8:17CV349** |
| KWIK SHOP, INC., a Kansas Corporation, THE KROGER CO., an Ohio Corporation, | ) ) ) ) |
| Defendants. | ) |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned hereby represents and warrants the following: (a) I am not affiliated with any party to this litigation, and have not been retained, engaged, or consulted by any party; (b) I have been advised of the contents of the Court's Protective Order by the legal counsel for Plaintiff/Defendants; (c) I have been provided a copy of the Court's Protective Order, and have read that Order and am familiar with its terms; (d) I hereby agree to be bound by the terms of the Protective Order; (e) following the termination of my involvement with this litigation, I shall return any confidential documents or materials (including all copies) to the counsel who provided it to me; and (f) my execution of this Acknowledgment is a condition precedent to my receipt of any such confidential documents or materials.

Date: _____

Signature: _____

Name: _____

Company: _____

Address: _____

_____

Telephone: _____

E-Mail: _____

**EXHIBIT A**